## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON

| | |
|---|---|
| Cobalt International Energy, Inc., et al. | Civil Action No.  4:19-cv-734 |
| *Plaintiffs,* | |
| v. | Notice of Removal |
| Illinois National Insurance Company, et al. | |
| *Defendants.* | |

Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, Defendant-Intervener Allied World Assurance Company ("Allied World") files this Notice of Removal.  In support of its Notice of Removal, Allied World states:

1.      As discussed more fully below, this is an insurance coverage action.  Cobalt International Energy, Inc. ("Cobalt"), the Cobalt D&O Interveners,[1] and the GAMCO Funds[2] seek to recover $220 million in insurance proceeds on behalf of the certified class members (the "Class") who were plaintiffs in the action *In re Cobalt International Energy, Inc. Securities Litigation*, No. 4:14-cv-03428 (S.D. Tex.) (the "Class Action Litigation").  In this coverage action, Cobalt alleges it is entitled to recover its defense costs expended in defending the Class Action Litigation and the GAMCO Funds allege they are entitled to recover insurance proceeds on behalf of the Class pursuant to a settlement reached in the Class Action Litigation.

---

[1] The "Cobalt D&O Interveners" are certain current and former Cobalt Directors and Officers Jack E. Golden, Jon A. Marshall, D. Jeff Van Steenbergen, Myles W. Scoggins, Martin H. Young, William P. Utt, Kenneth W. Moore Jr., James W. Farnsworth, Joseph H. Bryant, John P. Wilkirson, J. Hardy Muchison, Peter R. Coneway, N. John Lancaster Jr., Henry Cornell, and Kenneth A. Pontarelli.

[2] The "GAMCO Funds" refers collectively to Plaintiffs GAMCO Global Gold, Natural Resources & Income Trust, and GAMCO Natural Resources, Gold & Income Trust.

2.      The named Defendants in this insurance coverage action are Allied World; Illinois National Insurance Company ("Illinois National"); Arch Insurance Company; Navigators Insurance Company; Beazley Insurance Company, Inc.; Federal Insurance Company; Continental Casualty Company; North American Specialty Insurance Company; Starr Indemnity and Liability Company; RSUI Indemnity Company; Aspen American Insurance Company; Alterra America Insurance Company; Westchester Fire Insurance Company; Endurance American Insurance Company; and Freedom Specialty Insurance Company.

3.      Cobalt initiated this action, which was docketed as Cause No. 2016-31648, in the District Court of Harris County, Texas, 125th Judicial District, on May 13, 2016.   The matter was removed and subsequently remanded on grounds different from those on which the instant removal is based.

4.      On January 22, 2019, the GAMCO Funds, as lead plaintiffs in the Class Action Litigation and representatives of the Class, intervened in the coverage action, asserting an interest based upon a settlement reached in the Class Action Litigation.  On January 25, 2019, Defendant Illinois National filed a motion to strike the GAMCO Funds' intervention.  As of the date of the filing of this Removal, the District Court of Harris County has not issued a ruling on Illinois National's motion to strike.

5.      The settlement of the Class Action Litigation received final approval from the United States District Court for the Southern District of Texas on February 13, 2019 (the "Class Settlement").   Pursuant to the agreement memorializing the Class Settlement (the "Class Settlement Agreement"), the Class has a $220 million claim against Cobalt and the Cobalt D&O Interveners, payable exclusively from the proceeds of certain of Cobalt's insurance policies.[3]

---

[3] Also, pursuant to the Class Settlement Agreement, the settling parties agreed to allocate to Cobalt an amount up to $28,500,000, should there be any insurance proceeds, to cover Cobalt's alleged defense costs in the Class Action

6.       The Class Settlement Agreement also provides that Cobalt and the GAMCO Funds shall prosecute the coverage litigation against Cobalt's insurers for the benefit of the Class.

7.       Allied World removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1452, on the grounds that: (i) this action is a "class action"; (ii) at least one member of the Class is a citizen of a different state from any Defendant; (iii) the alleged amount in controversy exceeds $5,000,000, exclusive of interest and attorney's fees, as Plaintiffs seek to recover in excess of $220 million from Defendants; and (iv) no statutory exception is applicable.  Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. § 1332(d), and removal is proper under 28 U.S.C. § 1446.

## Class Action

8.       This action is a "class action," as defined in 28 U.S.C. § 1332(d)(1)B), because it is a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

9.       Because Plaintiffs, including the GAMCO Funds, as class representatives, are prosecuting this action on behalf of the Class from the Class Action Litigation, this case is a class action under 28 U.S.C. § 1332(d)(1)B).  *See Williams v. Employers Mut. Cas. Ins. Co.*, 845 F.3d 891, 899-902 (8th Cir. 2017) (equitable garnishment proceeding involving claims brought on behalf of certified class was removable under CAFA as a "class action"); *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 744 (7th Cir. 2013) (follow-on insurance coverage suit brought by class representative of previously certified class seeking to collect proceeds to fund underlying settlement was a "class action" for purposes of CAFA).

---

Litigation.  Per the Class Settlement Agreement, any other recovery from alleged insurance proceeds would be distributed to the Class.

**Minimal Diversity**

10.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a state different from any defendant." Such minimal diversity exists among the parties in this case.

11.     Plaintiff Cobalt is a Delaware corporation with its principal place of business in Texas.

12.     Plaintiff-Interveners the GAMCO Funds are non-diversified, closed-end management investment companies organized under Delaware law with their principal places of business in New York. In addition, on information and belief, at least one member of the Class is not a citizen of the same state as any Defendant.

13.     Plaintiff-Interveners the Cobalt Directors and Officers are citizens of Alberta, Canada; Colorado; Connecticut; New York; and Texas.

14.     Defendant Illinois National is an Illinois corporation with its principal place of business in New York.

15.     Intervener-Defendant Allied World is a New Hampshire corporation with its principal place of business in New York.

16.     Defendant Arch Insurance Company is a Missouri corporation with its principal place of business in New Jersey.

17.     Defendant Navigators Insurance Company is a New York corporation with its principal place of business in New York.

18.     Defendant Beazley Insurance Company is a Connecticut corporation with its principal place of business in Connecticut.

19.     Defendant Federal Insurance Company is an Indiana corporation with its principal place of business in Pennsylvania.

20.     Defendant Continental Casualty Company is an Illinois Corporation with its principal place of business in Illinois.

21.     Defendant North American Specialty Insurance Company is a New Hampshire corporation with its principal place of business in Kansas.

22.     Defendant Starr Indemnity and Liability Company is a Texas corporation with its principal place of business in New York.

23.     Defendant RSUI Indemnity Company is a New Hampshire corporation with its principal place of business in Georgia.

24.     Defendant Aspen American Insurance Company is a Texas corporation with its principal place of business in Connecticut.

25.     Defendant Alterra America Insurance Company is a Delaware corporation with its principal place of business in Virginia.

26.     Defendant Westchester Fire Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.

27.     Defendant Endurance American Insurance Company is a Delaware corporation with its principal place of business in New York.

28.     Defendant Freedom Specialty Insurance Company is an Ohio corporation with its principal place of business in New York.

29.     Accordingly, minimal diversity exists among the parties as at least one member of the Class is a citizen of a different state than at least one Defendant.

**Amount in Controversy**

30.     This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. 1332(d)(6).  Here, Plaintiffs allege that they are entitled to over $220,000,000 in insurance proceeds.

**Removal is Proper**

31.     Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. § 1446.  Therefore, Allied World is entitled to remove the instant action to this Court because, pursuant to 28 U.S.C. § 1332(d), the Court could have asserted original jurisdiction over this case.

32.     This action was rendered removable under CAFA by Plaintiffs' agreement to pursue this action on behalf of the Class as set forth in the Class Settlement Agreement, which received final approval from the United States District Court for the Southern District of Texas in the Class Action Litigation on February 13, 2019.

33.     Per 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within 30 days of the district court's final approval order.[4]

34.     Pursuant to 28 U.S.C. § 1446(a) and L.R. 81, Allied World represents that it has attached to this Notice of Removal: (i) an Index of Matters Being Filed, as Exhibit A; (ii) a copy

---

[4] The 30-days within which this Notice of Removal must be filed arguably has not yet begun because the District Court of Harris County has not issued a ruling on Illinois National's motion to strike GAMCO Funds' and the Class' intervention.  However, Illinois National's motion to strike was premised on the fact that the Class Action Settlement had not received final court approval.  As set forth above, the United States District Court for the Southern District of Texas granted final approval of the Class Action Settlement on February 13, 2019.

of the state court docket, as Exhibit B; (iii) a copy of the federal court docket from the prior removal, as Exhibit C; (iv) a list of all counsel of record, as Exhibit D; and (v) all necessary process, pleadings, motions and orders from the state court action and prior removal, as Exhibits 1-87.

35.     Under 28 U.S.C. § 1453, any defendant may remove an action from state court to federal court without the consent of all defendants.  Defendant Illinois National does not oppose removal.  Further, although not required to remove this action, all other Defendants consent to the removal of this action.

36.     Written notices of this Notice of Removal and the removal of the state court action are being delivered to Plaintiffs through their counsel of record.  A copy of this Notice of Removal will be filed promptly with the Clerk for the District Court of Harris County, Texas, as required by 28 U.S.C. § 1446(d).

THEREFORE, having established the requirements for removal under 28 U.S.C. §§ 1446 and 1452, including all jurisdictional requirements established by 28 U.S.C. § 1332(d), Allied World hereby removes the action to this Court.

By: _/s/ Ronald J. Restrepo_____
Ronald J. Restrepo
Federal Bar I.D. No. 920
Doyle, Restrepo, Harvin & Robbins LLP
440 Louisiana, Suite 2300
Houston, TX 77002
(713) 228-5200
RRestrepo@drhrlaw.com

*Attorneys for Intervenor, Allied World*
*National Assurance Company*

*Of Counsel*:

Michael S. Olsan
Zachery B. Roth
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6278
olsanm@whiteandwilliams.com
rothz@whiteandwilliams.com

Maurice Pesso
White and Williams LLP
7 Times Square. Suite 2900
New York, NY 10036-6524
(212) 631-4405
pessom@whiteandwilliams.com

Dated: March 1, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the counsel of record listed below via certified mail and electronic mail on March 1, 2019.  All other counsel of record were served via electronic mail on March 1, 2019.

Counsel for Plaintiff Cobalt International Energy, Inc.:

Robert P. Scott
Kevin J. Bruno
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, TX 7702

Counsel for Plaintiff-Interveners Jack E. Golden, Jon A. Marshall, D. Jeff Van Steenbergen, Myles W. Scoggins, Martin H. Young, William P. Utt, Kenneth W. Moore, Jr., James W. Farnsworth, Joseph H. Bryant, John P. Wilkirson, J. Hardy Murchison, Peter R. Coneway, N. John Lancaster, Jr., Henry Cornell, and Kenneth A. Pontarelli:

Barrett H. Reasoner
Jeffrey C. Kubin
Michael R. Absmeier
GIBBS & BRUNNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Telephone: (713) 650-8805

Counsel for Plaintiff-Interveners GAMCO Global Gold, Natural Resources and Income Trust, and GAMCO Natural Resources, Gold & Income Trust:

Andrew J. Entwistle
ENTWISTLE & CAPPUCCI LLP
500 West 2nd Street, Suite 1900-16
Austin, TX 78701
Telephone: (512) 710-5960


_/s/ Ronald J. Restrepo_
Ronald J. Restrepo