United States District Court
Southern District of Texas
**ENTERED**
May 17, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COBALT INTERNATIONAL ENERGY, INC., §<br>§<br>Plaintiff, §<br>VS. §<br>§<br>ILLINOIS NATIONAL INSURANCE §<br>COMPANY, *et al*, §<br>§<br>Defendants. § | CIVIL ACTION NO. 4:19-CV-734 |

## MEMORANDUM AND ORDER

**I.**

Before the Court is the plaintiff's, Cobalt International Energy, Inc. ("Cobalt"), motion to remand this case to the 125th Judicial District Court of Harris County, Texas [DE 77], and the Intervenor's, Allied World Assurance Company ("Allied"), response to Cobalt's motion to remand [DE 85]. Also, before the Court is Cobalt's reply to Allied's response [DE 91]. The Court has carefully reviewed the pleadings, motion and response and considered the arguments of counsel and determines that Cobalt's motion to remand this case should be granted.

**II.**

The history of this litigation is somewhat straightforward beginning on May 13, 2016, in state court. Cobalt filed suit seeking to recover insurance proceeds from its insurers in connection with a federal securities class action (federal suit) brought against Cobalt and certain of its directors and officers. Cobalt, as an independent oil exploration and production company engaged in offshore exploration in Angola, West Africa. Pursuant thereto it sought and procured management liability insurance policies in order to provide primary and excess liability coverage for itself and its officers and directors. Those policies are the subject of this removed litigation.

Cobalt learned and later disclosed to its investors that the Angola well contained more gas than oil, if any oil, at all. These disclosures resulted in shareholder litigation, ultimately driving Cobalt into Chapter 11 bankruptcy. A securities class action suit began in 2014 against Cobalt and resulted in a consolidated class action suit where GAMCO serves as lead plaintiff. That litigation, filed in federal court, concluded when a "Stipulated Settlement Agreement" dated October 11, 2018, was entered into between the relevant federal parties. A final judgment was entered on February 13, 2019.

## III.

In the meantime, a suit was filed in state court against several of the insurers of Cobalt by the Cobalt Bankruptcy Estate and the GAMCO Funds to fund Cobalt's obligations. Allied, anticipating that it would be brought into the state court suit filed a suit in intervention on September 24, 2018, a declaratory judgment that it was not liable to Cobalt or the class parties. It is undisputed, however, that Allied voluntarily intervened in 2018, and referred to itself as "Intervenor-Plaintiff". At the time, Allied was not a defendant in the case.

## IV.

Allied removed the state court litigation on March 1, 2019, some 37 days after GAMCO intervened in behalf of the class settlement parties. Cobalt argues that Allied failed to timely remove the case, pursuant to 28 U.S.C. § 1446(c). Moreover, it asserts, Allied voluntarily intervened in the state court litigation, invoked the processes of that court, and participated in discovery and other proceedings. Cobalt also asserts that Allied waived its right to remove the case because it submitted to the jurisdiction of the state court. Finally, Cobalt asserts that Allied conceded in state court that the suit was an action for insurance coverage. Therefore, Allied's

recent claim that this suit is governed by the Class Action Fairness Act ("CAFA") is disingenuous.

V.

Allied's claim that this suit is a class action suit and governed by CAFA is unmeritorious. The class action aspect of Cobert's exposure was litigated and resolved in a federal suit. Hence, there is no need to conduct hearings in this suit concerning who the class parties are. Litigation of that nature has either been resolved or will be resolved by the litigation that resulted in the Stipulated Settlement Agreement and by the federal court that retains jurisdiction over the recovered funds. Therefore, the Court concludes that this suit is not a class action suit, but one to collect for an already defined class. Allied agreed to that description of this litigation at the outset.

Allied suggests by its response that the triggering mechanism for removal occurred when GAMCO joined in the suit and GAMCO and Cobalt filed a Fifth Amended Petition in state court. The Court notes that GAMCO intervened in the state court litigation on January 22, 2019, some 37 days prior to Allied's motion to remove. Nevertheless, it asserts that on February 1, 2019, Cobalt and GAMCO filed a Fifth Amended Petition "adding claims against Cobalt's thirteen remaining carriers." Allied denies that GAMCO's intervention was the trigger that created Allied's removal right, however. Instead, ". . . Allied asserts that removal was based on a series of deliberate, voluntary actions undertaken by the Cobalt Defendants and the GAMCO Funds that dramatically changed the nature of the litigation."

Allied does not disclose what those "deliberate" actions are that "dramatically" changed the nature of the suit. Except for the addition of new causes of action, none of which support Allied's claim that the suit is a class action suit, nothing is disclosed. It appears that Allied is

concerned that it is being treated as a defendant as opposed to an "Intervenor-Plaintiff". This approach or view does not comport with established removal precedent. Allied became fully aware of GAMCO's purpose for intervention when GAMCO intervened on January 22, 2019. Allied knew whom GAMCO was representing. To now suggest that the Amended pleading was the removal trigger, ignores that truth, as Allied knew it all along. Allied's motion to remove this case was, therefore, untimely.

Finally, Allied's bases for removal also belies its own assertion that GAMCO is seeking the same relief against Allied that Cobalt was seeking before GAMCO's intervention. In short, Cobalt and GAMCO are seeking the same relief against Allied that Allied is seeking against Cobalt, a declaration that Allied is not liable.

Based on the foregoing discussion and analysis of relevant and dispositive issues, the Court CONCLUDES that Cobalt's motion to remand this case to the 125th Judicial District Court of Harris County, Texas should be GRANTED pursuant to 28 U.S.C. §1446(c)(1) and 1447(c).

It is so Ordered.

SIGNED on this 17th day of May, 2019.

_____
Kenneth M. Hoyt
United States District Judge